IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| DONALD WILLIAM BLACK,  ) | |
| Petitioner,  ) | |
|   ) | |
| v.  ) | |
|   ) | 7:07-CV-166-O |
| NATHANIEL QUARTERMAN, Director,  ) | |
| Texas Department of Criminal Justice,  ) | |
| Correctional Institutions Division,  ) | |
| Respondent.  ) | |

MEMORANDUM OPINION AND ORDER

This is a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 by an inmate confined in the Michael Unit of the Texas Department of Criminal Justice in Tennessee Colony, Texas. Respondent has filed a preliminary response in which he moves for dismissal based upon the statute of limitations. Petitioner has filed objections thereto. Upon review of the papers and pleadings filed in this action, the Court finds and orders as follows:

The petitioner, Donald William Black, entered a plea of not guilty to the charge of aggravated sexual assault and was tried by jury in the 30th District Court of Wichita County, Texas. *Petition ¶¶ 1-4; State v. Black*, No. 37,071-A (30th District Court of Wichita County, Texas). He was found guilty and, on October 30, 2000, his sentence was assessed at life in prison. *Petition ¶ 3; Ex parte Black, Art. 11.07 App. No. 68,159-01 pp. 30-33.* Black appealed his conviction and, on October 25, 2001, the Second Court of Appeals affirmed the trial court's judgment. *Black v. State*, No. 2-00-466-CR (Tex. App. – Ft. Worth 2001). Black did not file a petition for discretionary review or a petition for writ of certiorari. *Petition ¶ 9.*

Petitioner filed one state application for habeas relief without success. *Ex parte Black, Art. 11.07 App. No. 68,159-01 at cover.* He now seeks federal habeas relief on the following grounds:

1. denial of the right to a fair trial because the trial court misinformed the jury as to the time he would have to serve before becoming eligible for parole, and;

2. violation of the separation of powers doctrine because the TDCJ unlawfully entered into an agreement with the federal government which affected his parole eligibility and which usurped the state legislature's authority to enact parole laws.

*Petition ¶ 20.A-B and attachments thereto.*

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") there is a one-year limitation period during which an inmate must file any federal petition for writ of habeas corpus in which he seeks relief under § 2254. The AEDPA provides in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Black's conviction became final on November 26, 2001, the last day on which he could have filed a petition for discretionary review with the Texas Court of Criminal Appeals. See Tex. R. App. P. 68.2, *formerly* Tex. R. App. P. 202(b). There is no indication from the record in this case that Black filed a motion for reconsideration or rehearing. Therefore, the statutory period for filing a federal habeas action ended on November 26, 2002.

Although a properly filed state habeas application will toll the statute of limitations, Petitioner's state application was filed on June 28, 2007, over four years after the limitation period expired. *Ex parte Black*, Art. 11.07 App. No. 68,159-01 at p. 2. The instant case was filed on November 7, 2007, long after the one-year limitation period expired.[1]

In his objections to Respondent's preliminary response, Petitioner raises the following arguments:

1. the TDCJ has no authority to enter into a contract with the federal government that changes parole laws enacted by the state legislature;

2. Respondent has attempted to mislead the Court by stating that Petitioner was convicted of capital murder, when he was not;

3. Petitioner, the trial court, and/or the jury were deceived by the state because they were not informed of the Violent Offender Incarceration and Truth-in-Sentencing ("VOI/TIS") "contract" between the United States Government and the Texas Department of Criminal Justice which required that Petitioner serve 85% of his sentence before becoming eligible for parole;

4. the AEDPA does not apply to contracts such as the VOI/TIS, therefore, the statute of limitations is not applicable, and;

5. the fact that the TDCJ entered into a contract with the federal government violates the separation of powers doctrine.

---

[1] Federal habeas petitions filed *pro se* are considered filed, for purposes of the statute of limitations, on the date on which the petition is tendered to prison officials for mailing. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (applying the "mailbox rule" to the filing of a federal habeas petition). Black's petition was signed on November 6, 2007. *Petition p. 11*. Therefore, the Court will presume that is his filing date for purposes of this opinion.

*Petitioner's Objections to Respondent Quarterman's Preliminary Response pp. 1 & 2.*

Petitioner has failed to show that he is entitled to statutory tolling of the limitation period under § 2244(d)(1)(B), (C) or (D). He has not shown that he was prevented from filing his habeas petition by state action in violation of the Constitution or laws of the United States, he has not shown that any new constitutional right affecting his case has been recognized by the Supreme Court and made retroactive on collateral review, and he has not shown the he could not have discovered the factual predicates underlying his grounds for relief in a timely manner. To the extent, if any, that the VOI/TIS is applicable to petitioner's case, the exhibits submitted by Black reflect that the incentive program was in effect in 1996. *See Petition, Appendix A at p.1.* Black has not shown that he could not have discovered the existence of the VOI/TIS in a timely manner through the exercise of due diligence. Therefore, he is not entitled to statutory tolling of the one-year limitation period.

The Court must next consider whether the circumstances of the instant case warrant the application of equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (holding that the one-year statute of limitations is subject to equitable tolling). The limitation period applicable to habeas actions is not a jurisdictional bar and can, in rare and exceptional circumstances, be equitably tolled. *E.g., Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). "[S]uch tolling is available only when the petitioner meets the high hurdle of showing (1) extraordinary circumstances (2) beyond his control (3) that made it impossible to file his petition on time." *Henderson v. Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998).

For equitable tolling to be appropriate, external forces, rather than a litigant's lack of diligence, must account for the failure of a complainant to file a timely claim. *See Glus v. Brooklyn Eastern Dist. Terminal*, 359 U.S. 231, 235 (1959) (finding a limitation period equitably tolled where

the adversary misled the complainant with regard to the deadline for filing an action). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Such tolling is an extraordinary remedy that courts should extend sparingly and not to what may be, at best, a garden variety claim of "excusable neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Coleman*, 184 F.3d at 402.

"[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (citing *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991)). Furthermore, "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Fisher*, 174 F.3d at 714 (citing *Saahir v. Collins*, 956 F.2d 115, 118-19 (5th Cir. 1992)); *see also Barrow*, 932 F.2d at 478 ("lack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," and "ignorance of legal rights" generally do not justify tolling).

In the case at bar, Petitioner argues that he, the jury, and/or the trial court were mislead with regard to his parole eligibility because the parole requirements of the VOI/TIS contradicted the instructions on parole which were in the jury charge. *Petition ¶ 20.A.* The Court notes that equitable tolling may be warranted when a court affirmatively misleads a litigant. *See United States v. Patterson*, 211 F.3d 927, 931-32 (5th Cir. 2000). However, in the instant case, Petitioner does not allege that he was mislead by the court; he alleges that he, the court and/or the jury were mislead by the state as a result of its VOI/TIS contract with the federal government. Assuming that the VOI/TIS applied to Petitioner at the time of sentencing, he has not shown that he could not have discovered the alleged error in the court's charge, the

existence of the VOI/TIS and the date of his parole eligibility through the exercise of due diligence. In short, Black has not presented any arguments, facts or circumstances sufficient to warrant equitable tolling.

For the foregoing reasons, it is ORDERED that the petition for writ of habeas corpus is hereby DISMISSED as TIME-BARRED.

The Clerk of Court shall transmit copies of this Memorandum Opinion to Petitioner and to Counsel for Respondent.

SO ORDERED this 28th day of February, 2009.

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**